## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

HELEN COOKSEY,

    Plaintiff/Appellee,

vs.

JERRY AND LOTTIE SHELLEY,

    Defendants/Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

From the Wilson County Circuit Court
at Lebanon, Tennessee

The Hon. Bobby Capers, Judge

Trial Court No. 9846
Appeal No. 01A01-9708-CV-00378

**AFFIRMED**


**JASON S. MANGRUM**
**CHRISTOPHER R. FOX**
Lebanon, Tennessee
Attorney for Appellants

**HELEN K. COOKSEY, pro se**
Lebanon, Tennessee

**FILED**

**May 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

**MEMORANDUM OPINION**[1]

---

*HIGHERS, J.*

Defendants/Appellants, Jerry and Lottie Shelley ("defendants"), appeal the judgment of the trial court affirming the decision of the Wilson County General Sessions Court in favor of plaintiff/appellee, Helen Cooksey ("plaintiff"). For reasons state hereinafter, we affirm the judgment of the trial court.


### Facts and Procedural History

Judgment was awarded to plaintiff in the Wilson County General Sessions Court on September 30, 1996. Defendants appealed the case to the Circuit Court for Wilson County. The trial was set for December 9, 1996. Defendants were not present at this proceeding and as a consequence of their nonappearance, the trial court dismissed the action. Defendants were informed of the date of the proceeding by a letter sent to them

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

via U.S. mail. This letter was received by Jerry Shelley. Defendants contend that Jerry Shelley suffers from post-traumatic stress disorder. Defendants further contend that this illness was the basis for many episodes of fantasy and confusion in Mr. Shelley. As a result of these episodic encounters with fantasy and confusion, defendants assert that Mr. Shelley failed to inform Mrs. Shelley of the trial date which resulted in their absence.

After the dismissal, defendants filed an Application for Writ of Certiorari and Supersedeas with the trial court together with a medical affidavit of Mr. Shelley's mental condition and the affidavit of Mrs. Shelley asserting that she had not been informed of the original December 9, 1996, trial date.

This matter was heard before the Honorable Bobby Capers on March 5, 1997, upon defendants' Application for Writ of Certiorari and Supersedeas. At the hearing after granting defendants' Application for Writ of Certiorari and Supersedeas, the trial judge stated that if the defendants wanted a trial, he would conduct one that day. The witnesses were sworn and the trial was conducted at the bench. Defendants contend that they were denied the opportunity to be heard, to cross examine, and to present any evidence. Plaintiff contends that defendants were not denied these rights but rather stated that defendants chose not to proffer any evidence. Plaintiff further asserts that defendants wanted the trial court to set a new trial date. Due to repeated continuances in General Sessions and one nonappearance in the trial court, Judge Capers denied the request for continuance and heard only the proof submitted, which was that of the plaintiff. Part and parcel of this proof was that of plaintiff stating the amount of the balance owed on the General Sessions judgment. Consequently, the trial court denied the Application and affirmed the General Sessions Court decision granting judgment to plaintiff. This appeal ensued.

The sole issue raised on appeal is as follows:

> Did the trial court err in not granting defendants a trial *de novo* on appeal after granting the Application for Writ of Certiorari and Supersedeas?

## Discussion

Tenn. Code Ann. § 16-15-729 (1997 supp.) provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be *de novo*, including damages.

Defendants strenuously argue that they were denied their right to a trial *de novo* as specifically provided by Tenn. Code Ann. § 16-15-729 (1997 supp.). We disagree.

At oral argument, conversation between the court and counsel for defendants concerning the March 5, 1997, court date helps to shed some light on this matter.

> Question: Could you have presented proof on that day?
>
> Answer: My clients were there your honor. We could've presented proof.
>
> Question: The trial judge didn't forbid you from presenting any evidence you wanted to present?
>
> Answer: Not in that respect . . . He forbade me to present it the way I wanted to present it, . . . in a more reasonable manner, less hurried. I felt we were not going to be given a fair hearing.

In the opinion of this court, this does not evince a denial of the defendants right to a *de novo* trial on the merits. On the contrary, defendants were provided with an opportunity to present proof several times but chose not to do so. We note that this matter was continued several times in General Sessions and was set for trial in December of 1996. As such, counsel for defendants had ample time to prepare his proof. At oral argument, he stated that he was able to put on his proof on March 5, 1997, but felt hurried in doing so. The trial court did not deny defendants their right to a *de novo* trial. Rather, defendants were presented with this right and rejected the opportunity to invoke it. They did so to their own peril.

Accordingly, we affirm the judgment of the trial court. Costs of this appeal are taxed to defendants, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
FARMER, J.